**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gentry Dee Deel,<br><br>            Petitioner,<br><br>v.<br><br>United States of America,<br><br>            Respondent. | No. CV-16-08136-PCT-GMS<br>     CR-06-01147-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Ninth Circuit's reversal and remand of this Court's order rejecting the Report and Recommendation ("R&R") issued by Magistrate Judge James Metcalf. (Doc. 57.) Magistrate Judge Metcalf recommended that the Court grant Petitioner Gentry Dee Deel's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). (Doc. 43.) For the reasons discussed below, the Court grants Petitioner's Motion to Vacate and adopts the R&R.

## BACKGROUND

In October 2007, a jury convicted Petitioner of the following four offenses: (i) Assault by Striking, Beating, or Wounding in violation of 18 U.S.C. § 1153 and 113(a)(4); (ii) Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 1153 and 113(a)(6); and (iii) Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). On April 17, 2008, the Court sentenced Petitioner. Petitioner appealed his convictions and sentences. On August 28, 2009, the Ninth Circuit affirmed

Petitioner's convictions and sentences.

On June 25, 2016, Petitioner filed the Motion to Vacate in this case, alleging his conviction in violation of 18 U.S.C. § 924(c)(1)(A) is invalid because the operative definition of crime of violence under § 924(c)(3)(B) ("Residual Clause") is void for vagueness and the definition under § 924(c)(3)(A) ("Elements Clause") is not met. In his R&R, the Magistrate Judge recommended that the Court grant Petitioner's Motion to Vacate. Respondent subsequently filed an objection to the R&R. (Doc. 46.) On February 12, 2019, the Court rejected the R&R and denied Petitioner's Motion to Vacate on untimeliness grounds. (Doc. 53.)

On April 8, 2019, Petitioner filed a notice of appeal. While on appeal, the United States Supreme Court issued the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which struck down the Residual Clause. Based on this decision, Petitioner and Respondent jointly moved for remand. Joint Mot. for Remand, *United States v. Gentry Dee Deel*, No. 19-15665 (9th Cir. May 18, 2020). On June 25, 2020, the Ninth Circuit vacated the Court's February 2019 order dismissing Petitioner's Motion to Vacate on untimeliness grounds and remanded this case to the Court for further consideration of the Motion to Vacate. (Doc. 57.)

**DISCUSSION**

**I.     Standard of Review**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn.*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn.*, 474 U.S. at 149. A district judge

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## II. Analysis

In its objections, Respondent argued the Court should decline to adopt the R&R because Petitioner's Motion to Vacate was untimely and Petitioner's claim is procedurally defaulted. As Respondent waived the timeliness bar in the joint motion to remand, the Court only considers Respondent's arguments as to procedural default. Joint Mot. For Remand at 4.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted). Respondent disputes whether cause and prejudice have been established.

### A. Cause

Cause may be shown when a claim is "novel." *See Reed v. Ross*, 468 U.S. 1, 15 (1984). A claim can be considered novel where a Supreme Court decision: (1) "explicitly overrule[s] one of [the Court's] precedents"; (2) "overtur[ns] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) "disapprove[s] a practice th[e] Court arguably has sanctioned in prior cases." *Id.* at 17.

Respondent argues the Magistrate Judge misinterpreted the third *Reed* prong. (Doc. 46 at 14.) Respondent contends that the "theoretical question of whether residual clauses are unconstitutionally vague" does not fit within the Supreme Court's interpretation of what a "practice" is. *Id.* In *U.S. v. Johnson*, where the *Reed* factors originated, the Supreme Court stated that a new constitutional rule arises where there is "such an abrupt and fundamental shift in doctrine as to constitute an entirely new rule which in effect replaced an older one." 457 U.S. 537, 551 (1982) (quoting *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 498 (1968)). One instance where there is a break in the law, the

Supreme Court explained, is when the Court "disapproves a practice this Court arguably has sanctioned in prior cases." *Id.* at 551. The Supreme Court then cited to three cases as examples. *Id. See Gosa v. Mayden*, 413 U.S. 665, 675 (1973) (plurality opinion) (prosecution of members of the Armed Services in military court for nonservice-connected crimes), *Adams v. Illinois*, 405 U.S. 278, 283–84 (1972) (provision of counsel at a preliminary hearing), *Johnson v. New Jersey*, 384 U.S. 719, 734 (1966) (use of un-Mirandized statements in trials commencing after the *Miranda* standard was announced). Other than providing these examples, the Supreme Court did not expressly define or limit what "practice" means in *Johnson*. Nor did the Supreme Court define what "practice" means in *Reed*. 468 U.S.

The Magistrate Judge did not misinterpret the third *Reed* prong. The question of whether residual clauses are unconstitutional fits neatly in the overall rule statement in *Johnson* that a new constitutional rule arises where there is an abrupt shift in doctrine. Furthermore, the Court does not find, and Respondent does not provide, case law that expressly limits "practice" to Respondent's narrow interpretation. Instead, the Court has only found cases that find that the question of whether residual clauses are unconstitutionally vague falls within the third *Reed* prong. *See, e.g.*, *Cross v. United States*, 892 F.3d 288, 296 (7th Cir. 2018), *United States v. Douglas*, 406 F. Supp. 3d 541, 547 (E.D. Va. 2019), *United States v. Jimenez-Segura*, 1:16-cv-805, 2020 WL 4514584, at *6-7 (E.D. Va. Aug. 4, 2020). Accordingly, Respondent's objection is overruled.

**B. Prejudice**

Respondent argues Petitioner cannot show actual prejudice because the Residual Clause is not unconstitutionally vague and assault resulting in serious bodily injury is a crime of violence under the Elements Clause.

In *Davis*, the Supreme Court held that the Residual Clause is unconstitutionally vague. 139 S. Ct. at 2336. Although the Ninth Circuit has yet to address the issue, other circuits have concluded that *Davis* announced a substantive rule of constitutional law retroactively applicable on collateral review. *See United States v. Reece*, 938 F.3d 630,

635 (5th Cir. 2019), *United States v. Bowen*, 936 F.3d 1091, 1097 (10th Cir. 2019), *In re Hammoud*, 931 F.3d 1032, 1031 (11th Cir. 2019). The Court will follow the holdings of these circuits. Therefore, the Court finds that the Residual Clause is unconstitutionally vague.

In regard to the Elements Clause, Respondent bases its rejection of the Magistrate Judge's ruling on the grounds that *Voisine v. United States*, 136 S. Ct. 2272 (2016) implicitly overruled the holding in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (en banc). In *Fernandez-Ruiz*, the Ninth Circuit held that "crimes of recklessness cannot be crimes of violence." 466 F.3d at 1130. The Ninth Circuit recently confirmed that *Voisine* did not overrule *Fernandez-Ruiz*. In *United States v. Begay*, the Ninth Circuit stated that *Voisine* is not irreconcilable with circuit precedent and held that a crime that can be committed recklessly cannot constitute a crime of violence under the Elements Clause. 934 F.3d 1033,1038–39. Therefore, Respondent's objection is overruled.

## CONCLUSION

Having reviewed the record as it relates to Respondent's objections *de novo*, the Court accepts the Report and Recommendation and grants the Petitioner's Motion to Vacate. Accordingly,

**IT IS ORDERED** that Respondent United States of America's Objections to the Report and Recommendation (Doc. 46) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge James Metcalf (Doc. 43) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Revised Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 8) is **GRANTED.**

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the Clerk to terminate this action and enter judgment accordingly.

Dated this 8th day of October, 2020.

_____
G. Murray Snow
Chief United States District Judge